## Eberly v. Stober.

*Appeal—Rule to strike off—Admission of debt.*

1. An appeal from the judgment of a magistrate will not be stricken off because the defendant and appellant at the hearing admitted the correctness of the claim.

2. If the defendant swore untruly when he took the appeal, he can be prosecuted for perjury, but the appeal must stand until disposed of in proper manner and cannot be summarily disposed of when the proceedings are on their face regular.

Rule to strike off appeal. C. P. Lancaster Co., May T., 1925, No. 56.

*K. L. Shirk,* for rule; *Paul Mueller* and *John M. Groff,* contra. .

LANDIS, P. J., June 26, 1926.—Suit was brought by the plaintiff before a justice of the peace to recover a book account for $276.98 alleged to be due to him by the defendant. After a hearing duly had on April 14, 1925, judgment was entered in favor of the plaintiff for $299.27 on April 23, 1925. The defendant appealed, and on May 15, 1925, in proper time, the appeal was filed in this court. Thereupon, on Oct. 25, 1925, the plaintiff obtained the above rule.

It is asserted in the petition that the defendant did not sign the appeal. I am of the opinion that this claim is incorrect. The appeal was signed and sworn to by him in due form, and it cannot be stricken off on that account.

It is also claimed that the defendant, at the hearing, admitted the correctness of the claim, and for that reason the appeal should be stricken off. I know of no case which decides such a proposition, and I can see no merit in it. If the defendant swore untruly when he took the appeal, he can be prosecuted for perjury, but the appeal must stand until disposed of in this court. Again, even though he made such a statement before the justice, he may afterwards have come into possession of facts which fully justified him in taking the appeal. It seems to me that under no circumstances can such summary action be taken when the proceedings on their face are in regular form.

I am, therefore, of the opinion that this rule be discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.